NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL MICHELOTTI,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5131

---

Appeal from the United States Court of Federal Claims in No. 13-CV-0029, Chief Judge Emily C. Hewitt.

---

Decided:  February 18, 2014

---

PAUL MICHELOTTI, of Boca Raton, Florida, pro se.

SONIA M. ORFIELD, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With her on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT SNEE, Acting Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before NEWMAN, LOURIE, and TARANTO, *Circuit Judges.*

PER CURIAM.

Paul Michelotti appeals from a decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction and denying his motion to amend the complaint. *Michelotti v. United States*, Case No. 13-29 C, slip op. at 2 (Fed. Cl. Aug. 7, 2013), ECF No. 12. For the reasons set out below, we affirm.

BACKGROUND

Mr. Michelotti is the owner and inventor of U.S. Patent No. 6,023,221, entitled "System to Activate Automobile Hazard Warning Lights." The '221 patent claims a system that automatically activates an automobile's hazard-warning lights when the system detects rapid deceleration indicative of sudden braking. The stated aim of the invention is to alert other drivers that there is an emergency situation (rather than normal, slow braking), thereby reducing rear-end collisions. *See, e.g.*, '221 patent at col. 1, lines 6-29.

Mr. Michelotti states that embodiments of his invention—known as Automatic Hazard Warning Lights, Emergency Stop Signals, or Adaptive Brakelights—have been marketed by car manufacturers worldwide and have been endorsed by organizations such as the United Nations World Forum for Vehicle Harmonization. Appellant's Br. at 1-2. Nevertheless, the system is prohibited in the United States under Federal Motor Vehicle Safety Standard No. 108, which requires stop lamps (brake lights) to be steady-burning rather than flashing, and which requires hazard-warning lights to be "driver controlled." 49 C.F.R. § 571.108. In a letter to Mr. Michelotti dated February 15, 2001, the Acting Chief Counsel of the National Highway Traffic Safety Administration (NHTSA) advised Mr. Michelotti that the NHTSA "interprets 'driver controlled' as meaning that the hazard warning signal unit must be activated and deactivated by

the driver and not by automatic means." Compl. ¶ 7, *Michelotti v. United States*, Case No. 13-29 C (Fed. Cl. Jan. 14, 2013), ECF No. 1; Def.'s Mot. to Dismiss at 4, *Michelotti v. United States*, Case No. 13-29 C (Fed. Cl. Apr. 5, 2013), ECF No. 6.

Approximately ten years later, Mr. Michelotti contacted the NHTSA to ask that it reconsider Standard 108, and there apparently was some communication to the NHTSA showing the interest of Senator Bill Nelson in the idea. Compl. ¶¶ 9-10. The NHTSA responded to Senator Nelson in a letter dated April 6, 2012, stating:

> Mr. Michelotti stated that automatic hazard warning systems that are marketed outside of the United States are preventing accidents; however, NHTSA is not aware of any data to support this statement. NHTSA continues to be concerned that the "signal message" of lamps operating in this method may be confusing to some drivers, and therefore may increase crash risk. Without data to support Mr. Michelotti's safety benefit assertion, NHTSA is not currently pursuing a modification to our standard with respect to this pr[o]vision.

Compl. ¶ 11; Def.'s Mot. to Dismiss at 4. Mr. Michelotti contests the NHTSA's statement regarding lack of data, alleging that the agency's own internal studies support his safety claims. Compl. ¶ 15; Appellant's Reply at 2.

On January 14, 2013, Mr. Michelotti brought this suit against the United States, claiming jurisdiction under 28 U.S.C. §§ 1491 and 1361 and 35 U.S.C. § 156. Compl. ¶ 1. Mr. Michelotti alleged that the NHTSA was improperly "denying a potentially life-saving automobile safety system to the American People," was "denying to Plaintiff the rights and benefits of intellectual property ownership," and was "exceeding the authority granted to it under the Highway Safety Act of 1970." Compl. ¶¶ 2-3, 16. In his prayer for relief, Mr. Michelotti requested (a)

an order requiring the NHTSA to provide proof that enhanced brake lighting systems may increase crash risk "or, in the absence of such evidence or proof, to rescind the NHTSA prohibition against enhanced brake lighting systems"; (b) if the prohibition is rescinded, an "order requiring the United States Patent and Trademark Office to extend the term of U.S. Patent 6,023,221 for a period of time commensurate with time lost as a result of the NHTSA prohibition"; and (c) "[s]uch other and further relief to which the Plaintiff is entitled." Compl. at 5.

The United States moved to dismiss Mr. Michelotti's complaint for lack of subject matter jurisdiction, arguing that Mr. Michelotti was not seeking money damages and, in any event, had not identified any "provision of law conferring a substantive right for money damages against the United States." Def.'s Mot. to Dismiss at 5, 8. Shortly thereafter, Mr. Michelotti moved to amend his complaint to add a claim of patent infringement against the United States, for which he sought a monetary award of $10,100 "or such greater amount as deemed appropriate by the Court." Pl.'s Mot. to Am. Compl. ¶ 4, *Michelotti v. United States*, Case No. 13-29 C (Fed. Cl. May 15, 2013), ECF No. 10. Mr. Michelotti based his infringement allegation on the NHTSA's January 30, 2006 grant of a temporary exemption from Standard 108 to Mercedes-Benz, allowing the company to sell up to 5,000 vehicles with flashing brake lights in the United States. Pl.'s Mot. to Am. Compl. ¶ 3; Mercedes-Benz, U.S.A. LLC, 71 Fed. Reg. 4961-01 (Dep't of Transp. Jan. 30, 2006) (grant of temp. exemption). In support of his motion, Mr. Michelotti cited a portion of the '221 patent stating that "[a]lthough the invention has been described with respect to controlling the standard hazard warning lights on an automobile it is understood that it may control any vehicle light system for warning following vehicles." Pl.'s Mot. to Am. Compl. ¶ 4; '221 patent, col. 3, lines 63-66.

On August 7, 2013, the Court of Federal Claims denied Mr. Michelotti's motion to amend his complaint. ECF No. 12 at 4-6. The court determined that "[w]ith respect to a patent infringement claim against the government," the only even arguably relevant waiver of sovereign immunity "is provided in money-mandating 28 U.S.C. § 1498," which allows compensation for the unlicensed use or manufacture of a patented invention by or for the United States. *Id.* at 5. But the court ruled that Mr. Michelotti neither invoked § 1498 nor alleged that the United States used or manufactured his invention, concluding that the alleged NHTSA grant of an exemption from Standard 108 to Mercedes-Benz was not within the scope of § 1498(a). *Id.* at 6. In addition, the court found the action barred by the court's six-year statute of limitations under 28 U.S.C. § 2501, because Mr. Michelotti filed his complaint nearly seven years after the NHTSA granted the exemption in question. *Id.*

After denying Mr. Michelotti's motion to amend his complaint, the Court of Federal Claims determined that none of his remaining allegations provided a basis for the court's jurisdiction. The court explained: jurisdiction under the Tucker Act, 28 U.S.C. § 1491, requires a separate money-mandating source of substantive law, but Mr. Michelotti had not identified any; jurisdiction under 28 U.S.C. § 1361 exists only in district courts; and 35 U.S.C. § 156, concerning patent term extensions, does not provide for judicial review and does not apply to the type of product covered by Mr. Michelotti's patent. *Id.* at 6-7. The court further held that the Highway Safety Act of 1970 (also cited in Mr. Michelotti's complaint) does not contain a provision for judicial review, much less in the Court of Federal Claims, and is not money-mandating. *Id.* at 7. The court stated that it need not address the United States's characterization of Mr. Michelotti's claims against the NHTSA as seeking "essentially . . . an Admin-

istrative Procedure Act (APA)-type review" outside the court's jurisdiction. *Id.* at 7-8.

Finally, after concluding that it was without jurisdiction to hear Mr. Michelotti's case, the Court of Federal Claims considered whether transfer to another court that might have jurisdiction over the claims would be appropriate. *Id.* at 8; 28 U.S.C. § 1631. The court determined that transfer of Mr. Michelotti's claims to another court would not be in the interest of justice, as the court could not identify any basis to conclude that either the NHTSA or the PTO owed any duty of performance to Mr. Michelotti. ECF No. 12 at 8-9. Accordingly, the Court of Federal Claims entered judgment for the United States. Mr. Michelotti appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

A

We review the Court of Federal Claims's denial of Mr. Michelotti's motion for leave to amend his complaint for an abuse of discretion. *Renda Marine, Inc. v. United States*, 509 F.3d 1372, 1379 (Fed. Cir. 2007).

We agree with the Court of Federal Claims that the allegations in Mr. Michelotti's amended complaint do not make out a claim of patent infringement against the United States under 28 U.S.C. § 1498(a). Even if Mr. Michelotti is correct that the brake lighting system installed in certain Mercedes-Benz vehicles infringes his patent, the NHTSA's grant of an exemption from Standard 108 so that Mercedes-Benz could sell such vehicles does not equate to use or manufacture of Mr. Michelotti's invention "by or for the United States," as is required to state a claim under 28 U.S.C. § 1498(a).

In his reply on appeal, Mr. Michelotti advances a new allegation that the United States used his invention in the course of conducting eleven studies on enhanced brake

lighting systems. Appellant's Reply at 4. We need not consider whether such an allegation would have been sufficient to make out a claim under 28 U.S.C. § 1498(a), as Mr. Michelotti did not present this theory to the Court of Federal Claims. While Mr. Michelotti did refer to the NHTSA studies in his response to the government's motion to dismiss, Pl.'s Resp. to Mot. to Dismiss at 3, *Michelotti v. United States*, Case No. 13-29 C (Fed. Cl. Apr. 23, 2013), ECF No. 8, he never tied those studies to his patent infringement claim; nor did he mention the studies in his motion to amend. Thus, the Court of Federal Claims had no opportunity to consider Mr. Michelotti's allegation. We also note that the study he attaches to support his allegations appears to indicate that the United States conducted only simulations of enhanced brake lighting systems, not that any actual systems were ever used or manufactured by or for the United States. *See* App. to Appellant's Reply.

Because we find no abuse of discretion in the denial of Mr. Michelotti's motion to amend, we affirm that denial.

## B

We review the Court of Federal Claims's dismissal of Mr. Michelotti's case for lack of subject matter jurisdiction de novo. *Smith v. United States*, 709 F.3d 1114, 1115 (Fed. Cir. 2013).

### 1

Mr. Michelotti invokes the Tucker Act. That statute confers jurisdiction, in a non-contract case, only where a separate constitutional provision, statute, or regulation creates a substantive right to recover money damages from the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976). The Act does not apply here.

Mr. Michelotti's first argument is that the NHTSA has "den[ied] a potentially life-saving automobile safety system to the American People," Compl. ¶ 2, which on

appeal he contends implicates a constitutional "right to life and protection from injury." Appellant's Br. at 3. This contention evidently invokes due process rights, but that is insufficient. The Due Process Clause of the Fifth Amendment is not money-mandating. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process Clause of the Fifth Amendment was insufficient for jurisdiction because it does not mandate the payment of money by the government). The Due Process Clause of the Fourteenth Amendment, which Mr. Michelotti invokes on reply, *see* Appellant's Reply at 8, does not apply to the federal government and also is not money-mandating. *LeBlanc*, 50 F.3d at 1028.

Mr. Michelotti also contends that the NHTSA has "den[ied] to Plaintiff the rights and benefits of intellectual property ownership." Compl. ¶ 3. Although Mr. Michelotti's complaint does not specify a constitutional provision, statute, or regulation he believes was violated, to the extent he intended to make out a claim under the Takings Clause of the Fifth Amendment, he would have had to allege "that the government, by some specific action, took a private property interest for a public use without just compensation." *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004). Here, the United States has not taken any property interest belonging to Mr. Michelotti. Mr. Michelotti continues to hold the rights to the subject matter covered by the '221 patent. But a patent grants only exclusionary rights—that is, the right to preclude another from making, using, or selling the patented invention. *See* 35 U.S.C. § 271. It does not provide a property right against independent statutory or regulatory safety-based prohibitions on making, using, or selling the invention. Thus, the NHTSA's promulgation of Standard 108, which bars automobiles in the United States from using a system like that claimed in the '221 patent, does not take Mr. Michelotti's patent rights.

Mr. Michelotti further alleges that the NHTSA "exceed[ed] the authority granted to it under the Highway Safety Act of 1970." Compl. ¶ 16. He states that the "NHTSA is prohibiting the vehicle safety system in the United States based on little more than an unsupported assumption," and that the "Administrative Procedure Act requires the agency to base its rulings on facts and evidence." Appellant's Reply at 2-3. These allegations also fail to establish any basis for jurisdiction in the Court of Federal Claims, because "the APA does not authorize an award of money damages." *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006). Thus, none of Mr. Michelotti's claims against the NHTSA provides a basis for Tucker Act jurisdiction in the Court of Federal Claims.

2

There is no other basis for jurisdiction. Mr. Michelotti's complaint invokes 28 U.S.C. § 1361 as a basis for jurisdiction over his request to compel the NHTSA to comply with his demands. Compl. ¶ 1. But, by its plain language, § 1361 grants jurisdiction only to "district courts" (and is not money-mandating, so cannot indirectly support Tucker Act jurisdiction).

Jurisdiction can no more rest on 35 U.S.C. § 156, which provides for patent term extensions in certain cases. Mr. Michelotti requests an "order requiring the United States Patent and Trademark Office to extend the term of U.S. Patent 6,023,221 for a period of time commensurate with time lost as a result of the NHTSA prohibition." Compl. at 1, 5. But § 156—which applies only to drug products and certain medical device, food additive, or color additive products, 35 U.S.C. § 156(f)—does not contain any provision for judicial review, much less in the

Court of Federal Claims (and is not money-mandating, so cannot indirectly support Tucker Act jurisdiction).[1]

## C

Mr. Michelotti requests that, if we find his case beyond the limits of the jurisdiction of the Court of Federal Claims (as we do), we order his case "transferred to another court that is not so limited." Appellant's Br. at 4.

Under 28 U.S.C. § 1631, "if it is in the interest of justice," a court may transfer an action or appeal "to any other . . . court in which the action or appeal could have been brought at the time it was filed or noticed." At bottom, Mr. Michelotti wishes to challenge the NHTSA's Standard 108. But, as to the order promulgating the relevant aspect of Standard 108, he makes no claim that he filed this suit within 59 days of that order, as required by 49 U.S.C. § 30161(a). And as to any NHTSA decision regarding modifying the Standard, there is no final agency action subject to judicial review. *Air Brake Sys., Inc. v. Mineta*, 357 F.3d 632, 646 (6th Cir. 2004) (opinion letters from the NHTSA's Acting Chief Counsel did not constitute final agency action). Accordingly, transfer under 28 U.S.C. § 1631 is not appropriate.

Although we cannot, as Mr. Michelotti requests, "remand this matter to the United States Department of Transportation for administrative review," Appellant's

---

[1]    Although Mr. Michelotti does not invoke it, 35 U.S.C. § 154(b) also covers patent term extensions (for patents relating to all subject matters). But § 154(b) is limited to three narrow circumstances not present here; and it requires an application to the PTO before pursuing an appeal, which would not go to the Court of Federal Claims. *See* 35 U.S.C. § 154(b)(1), (3)-(4). The provision, moreover, is not money-mandating, so would not indirectly support Tucker Act jurisdiction.

Reply at 9, Mr. Michelotti is still free to file a petition with the NHTSA requesting that Standard 108 be amended. *See* 49 U.S.C. § 30162(a)(1); 49 C.F.R. § 552.3. Should that petition be denied, judicial review in a designated court other than the Court of Federal Claims may then be available. *See, e.g.*, *Pub. Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1287 (D.C. Cir. 2007); *Fox Television Stations, Inc. v. FCC*, 280 F.3d 1027, 1037 (D.C. Cir. 2002).

CONCLUSION

For the foregoing reasons, we affirm the judgment of the Court of Federal Claims.

No costs.

**AFFIRMED**